IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ROBERT F. SARTORI,**

    **Plaintiff,**

v.                                                           **Case No. 1:12-cv-515 JB/WDS**

**SUSAN C. LITTLE & ASSOCIATES, PA
and BAC HOME LOANS SERVICING,
LP,**

    **Defendants.**

# ORDER

**THIS MATTER** comes before the Court on Plaintiff's: (1) Motion to Strike Susan C. Little & Associates, PA's Answer as Non-Responsive [Doc. 61] ("First Motion to Strike"); (2) Motion to Strike ¶¶ 2, 4, 5, 7 and 10 of Answer and 3rd, 4th, and 5th Affirmative Defenses of Susan C. Little & Associates, PA [Doc. 62] ("Second Motion to Strike"); and (3) Motion to Strike Susan C. Little & Associates PA's Response to Plaintiff's Motion for No-Answer Default Judgment and Request for Sanctions [Doc. 63] ("Third Motion to Strike"). All three motions to strike were filed July 30, 2012. All three motions are DENIED.

**DISCUSSION**

Plaintiff Robert Sartori is a *pro se* litigant. The Court construes his three motions to strike as invoking Rule 12(f) of the Federal Rules of Civil Procedure.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Motions to strike are disfavored, generally considered "time wasters," and should be denied "unless the challenged allegations have no possible

or logical connection to the subject matter of the controversy..." *Skyline Potato Co. v. Hi-Land Potato Co.*, No. CIV 10-698 JB/RHS, 2012 WL 6846386 (D.N.M. Dec. 31, 2012) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Proc. § 1382, at 433–36 (3d ed. 2004)) (ellipses in original). Furthermore, only pleadings are subject to a motion to strike; motions, briefs, memoranda, objections, or affidavits may not be attacked by a motion to strike. *Ysais v. N.M. Judicial Standard Comm'n*, 616 F.Supp.2d 1176, 1184 (D.N.M. 2009).

The First and Second Motions to Strike apparently refer to the answer Defendant Susan C. Little & Associates, PA's ("SCLA") filed on May 30, 2012 [Doc. 51]. In the First Motion to Strike, Plaintiff seeks to strike the answer, and in the Second Motion to Strike, he seeks to strike certain paragraphs of the answer and three of SCLA's affirmative defenses. Plaintiff takes issue with some of the factual allegations in the answer, argues that the answer is not sufficiently detailed, asserts several legal arguments related to his claims, and denies the validity of some of SCLA's affirmative defenses.

The First and Second Motions are denied because none of these are grounds to strike a pleading. Furthermore, the answer that is the subject of the First and Second Motions to Strike has been superceded by an amended answer. [Doc. 92.] Plaintiff did not oppose the filing of the amended answer. [Doc. 85.]

In the Third Motion to Strike, Plaintiff seeks to strike SCLA's response [Doc. 58] to a motion he has withdrawn. He also seeks sanctions against SCLA for improperly using email and the Court's electronic filing system to serve him.

The Third Motion to Strike is denied because by its terms, Rule 12(f) applies only to pleadings. Furthermore, the Court has examined the response and found no material that is improper or unconnected to the subject of the controversy.

Plaintiff's request for sanctions is denied because he has offered no grounds for the Court to conclude that SCLA acted improperly by filing a response to his motion. While some confusion and delay may have resulted earlier in this case from SCLA's use of electronic means to serve Plaintiff, it does not appear that Plaintiff has suffered any prejudice, and recent filings indicate SCLA is now properly serving Plaintiff via first class mail.

## CONCLUSION

The following motions, filed July 30, 2012, are DENIED: (1) Motion to Strike Susan C. Little & Associates, PA's Answer as Non-Responsive [Doc. 61]; (2) Motion to Strike ¶¶ 2, 4, 5, 7 and 10 of Answer and 3rd, 4th, and 5th Affirmative Defenses of Susan C. Little & Associates, PA [Doc. 62]; and (3) Motion to Strike Susan C. Little & Associates PA's Response to Plaintiff's Motion for No-Answer Default Judgment and Request for Sanctions [Doc. 63].

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**