IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT F. SARTORI,

                 Plaintiff,

    vs.                                          CIVIL NO.  12-515 JB/LFG

SUSAN C. LITTLE & ASSOCIATES, P.A.,
and BAC HOME LOANS SERVICING, LP,

                 Defendants.

## **REPORT AND RECOMMENDATION**[1]

THIS MATTER is before the Court on "Defendant Susan C. Little & Associates, LTD's Motion for Summary Judgment." [Doc. 116]. The Court considered the Motion, Response [Doc. 128] and Reply [Doc. 139], and determines that oral argument is not necessary.

## **Background**

Robert F. Sartori ("Sartori") filed suit against Susan C. Little & Associates, LTD ("SCLA"), a law firm, and BAC Home Loans Servicing, LP ("BAC"), alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*.. The parties' pleadings and the Joint Status Report provide the relevant background.

---

[1]Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed. *See, e.g.*, Wirsching v. Colorado, 360 F.3d 1191, 1197 (10th Cir. 2004) ("firm waiver" rule followed in Tenth Circuit holds that a party who fails to object to magistrate judge's findings and recommendations in timely manner waives appellate review of both factual and legal questions).

On January 24, 2008, Sartori executed a promissory note and mortgage in the principal sum of $106,959, bearing interest at the rate of 6.5% per annum until paid. [Doc. 116, Ex. 3; Doc. 139, Ex. 7]. The mortgage was filed of record with the Office of the County Clerk, Valencia County, New Mexico on February 18, 2008, in Book 362, at page 2561. [Doc. 116, Ex. 3, ¶ 5.] Subsequently, the note and mortgage were assigned to BAC, formerly known as Countrywide Home Loan Servicing, LP. [Id., ¶ 7.][2]

When Sartori failed to pay the note and mortgage as required, the holder of the note exercised the right to declare all sums due under the note's terms. [Id., ¶¶ 10-11.] The mortgage provided that, upon default, the mortgage should be foreclosed and the property sold, with the proceeds of the sale applied to the cost of foreclosure, including reasonable attorney fees, costs, accrued taxes, assessments, and other amounts necessary to protect the parties. [Id.] At the time of the default, the unpaid principal balance of the note was $105,541.23, with interest from December 1, 2008, until paid in full. [Id., ¶ 11.]

The SCLA, a law firm, [Doc. 116, Ex. 2, ¶ 4] represented BAC in the foreclosure action filed in the Thirteenth Judicial District Court, Valencia County, New Mexico. [Id., Ex. 3].[3] So as to verify Sartori's address and location, and to serve him with process of the Complaint for Foreclosure, SCLA obtained a copy of Sartori's credit report. [Id., Ex. 2, ¶ 5; *see also* Ex. 1, Answers to Interrogatory Nos. 6, 7].

_____

[2]The assignment appears in Exhibit C of BAC's foreclosure complaint against Sartori filed on July 29, 2009. A court may judicially notice its own records as well as records of sister courts. *See* St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979) ("federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue").

[3]The case caption is BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing, LP v. Robert F. Sartori, and if married, Jane Doe Sartori (true name unknown), his spouse; John Doe and Jane Doe (true names unknown), tenants, docketed as D-1314-CV2009-1070.

SCLA, through its process server, Metro Legal Process, Inc., effected personal service of process on Sartori on September 16, 2009 (notarized on 9/22/09). [Id., Ex. 6.] Subsequent to receipt of the Complaint and summons, Sartori called SCLA. [Id., Ex. 4, Answer to Interrogatory No. 5.] There was no other contact between Sartori and SCLA. [Id.; *see also*, Ex. 2, ¶ 8.] Sartori did not answer the foreclosure suit, and the state court entered a default. The mortgage was foreclosed and the real property sold on January 5, 2010. [*See* Id., ¶ 7.] SCLA never furnished or reported information regarding Sartori to any credit reporting agency, including Experian, Equifax or TransUnion. [Id., ¶ 6.]

Sartori contends that SCLA's action in accessing his credit report violated his rights; that he owed no money to BAC, therefore, BAC improperly sued him; and that SCLA used recorded phone calls to harass and dun him, all in violation of federal consumer statutes. [*See* Docs. 29, 128.]

SCLA contends that there are no material facts in dispute and that all of Sartori's claims fail, as a matter of law; therefore, it is entitled to summary judgment. In support of its motion, SCLA submits a Statement of Undisputed Material Facts with each of seven facts supported by an affidavit, answers to interrogatories, or exhibits. Sartori opposes the motion for summary judgment, arguing that some or all of SCLA's proposed undisputed material facts are misrepresentations or disputed.

## Legal Standard

Summary judgment provides courts with a means by which "factually insufficient claims or defenses can be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). Summary judgment is not a disfavored procedural shortcut, but, instead, is the principal means by which a factually insufficient claim or defense can be isolated and precluded from going to trial with the attendant unwarranted consumption of public and private resources. Id.

3

Rule 56(a) requires the court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2012). The party seeking summary judgment has an initial burden to show that there is an absence of evidence to support the non-moving party's case. *See* Kannady v. City of Kiowa, 590 F.3d 1161, 1168-1169 (10th Cir. 2010) ("moving party has both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law.") (internal quotation marks removed).

Upon meeting that burden, the non-moving party must identify specific facts that show the existence of a genuine issue of material fact. Id. The non-moving party may not rest upon mere conjecture, allegations, or denials, nor may a party rely solely on argument or contentions. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Pasternak v. Lear Petroleum Exploration, Inc., 790 F.2d 828, 834 (10th Cir. 1986) ("Conclusory allegations, general denials, or mere argument of an opposing party's case cannot be utilized to avoid summary judgment.") (citation omitted). *See also* Nahno-Lopez v. Houser, 625 F.3d 1279, 1283 (10th Cir. 2010) ("in response to a properly supported motion for summary judgment, a non-movant must produce sufficient evidence for a reasonable trier of fact to find in its favor at trial on the claim or defense under consideration").

### Undisputed Material Facts ("UMF")

SCLA set forth the following UMFs:

> 1. On July 28, 2009, SCLA accessed a copy of Plaintiff's credit report from Experian in order to obtain Plaintiff's current address for service of process of the Complaint for Foreclosure. *See* SCLA's Answers to Plaintiff's First Set of Interrogatories, selected portions attached hereto as Exhibit 1, p. 12 at Nos. 5 and 7; *see also*, Affidavit of Susan C. Little, attached hereto as Exhibit 2, at ¶ 5.

2.  On behalf of BAC, SCLA filed a Complaint for Foreclosure against Plaintiff which related to property located at 131 Ventura Road, Belen, Valencia County, New Mexico, 87001 ('the property) on July 29, 2009.  *See* Complaint for Foreclosure, attached hereto as Exhibit 3, at p. 2 (exhibits not included).

3.  SCLA made no attempts to collect or seek a deficiency judgment against Plaintiff following the sale of the property on January 5, 2010.  Exhibit 2, ¶ 7.

4.  Plaintiff never made a *written* request to SCLA for validation of the debt related to the property in 2009 and 2010.  *See* Plaintiff's Answers to SCLA's First Set of Interrogatories, selected portions attached hereto as Exhibit 4, at p. 5, Interrogatory No. 4.

5.  SCLA has never "furnished" or reported information regarding Plaintiff to any credit reporting agency, including but not limited to Equifax, Experian, and TransUnion.  Exhibit 2, ¶ 6.

6.  SCLA never contacted Plaintiff on his cellular telephone by autodialed call using artificial prerecorded messages.  *Id.* ¶ 8.

7.  Plaintiff filed a Complaint against SCLA, which included violations of the FDCPA, FCRA, and TCPA, on August 10, 2011. U.S. District Court, Northern District of Mississippi (Delta Division), Civil Docket For Case #: 2:11-cv-00169-MPM-JMV, attached hereto as Exhibit 5, at p. 2 [doc. 1].

A.     Sartori Violated Requirements of Local Rules

This District's local rule requires the non-movant's response to identify each fact in dispute by number and refer "with particularity to those portions of the record upon which the non-movant relies . . . ."  D.N.M.LR-Civ. 56-1(b).  The local rule further states that all material facts set forth in the memorandum will be deemed undisputed unless specifically controverted.  Id.  The rule contemplates that the responding party may set out additional facts it contends are material and undisputed.  However, in doing so, the non-movant must identify each additional fact by letter and refer, again, with particularity, to supporting portions of the evidentiary record.  Id.

Here, although Sartori numbers his paragraphs in response to SCLA's list of UMFs and

5

mentions the UMFs by number, he failed to "refer with particularity to those portions of the record," upon which he relies to purportedly dispute SCLA's UMFs.  Additionally, his statement in response to the UMFs is far from concise.   Instead, Sartori supplied lengthy bullet point statements with conclusory assertions, entirely lacking in evidentiary support from the record.

More specifically, Sartori's "Response to Statement" [Doc. 128, at 3-6] consists of multiple references to an absence of evidence or an alleged "failure to show."  For example with respect to UMF No. 1, he states:

> • The record fails to show evidence of any "credit transaction" initiated by Plaintiff.
>
> • The record fails to show evidence of any "credit transaction" between Plaintiff and LITTLE or BAC.
>
> • The record fails to show evidence of any "account" between Plaintiff and LITTLE or BAC.
>
> • The record fails to show evidence of any "debt" owed by Plaintiff to LITTLE or BAC.

[Doc. 128, at 3-4 (not all bullet points are repeated here)].  Most, if not all, of Sartori's unsupported assertions have nothing to do with UMF No. 1, which primarily stated the date on which SCLA accessed a copy of Sartori's credit report in order to obtain his address for purposes of effecting service of the Complaint for Foreclosure.  (*See supra*.)

Similarly, in response to UMF No. 2, Sartori provides a list of bullet point statements, without citations to admissible evidence, *e.g.,* affidavits, deposition testimony, or answers to interrogatories or responses to requests for admission.  He simply asserts an absence of evidence. For example, he states:

> • The record fails to show evidence of any transfer or allonge of the alleged Note to BAC.

6

[Doc. 128, at 4-5].  Again, the bullet points are unsupported by citations to the record, and they have little or no bearing on the UMF they purport to dispute.  UMF No. 2 discussed only the date SCLA filed a Complaint for Foreclosure against Sartori in state court, the address of the property, and on whose behalf SCLA acted.

Sartori's entire response follows this pattern.[4]  In other words, rather than attempting to show a material dispute of fact by citing to or submitting an affidavit, interrogatory response, deposition testimony, admission or admissible document, he simply contends there is an absence of evidence to support SCLA's position.  Or, he summarily argues he disputes a certain UMF, but his bullet points do not address that UMF.

Sartori's response to SCLA's statement of UMFs, therefore, is deficient, and in violation of D.N.M.LR-Civ. 56-1(b).  Because SCLA's statement of UMFs is supported by admissible evidence and because Sartori failed to properly dispute any of those facts, the seven material facts set out above are deemed undisputed.

B.    Sartori Failed to Rebut SCLA's *Prima Facie* Showing

The Court concludes that SCLA made a *prima facie* showing of entitlement to judgment.  As explained above, Sartori, failed to "go beyond the pleadings and set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."  His entire response consists of improper contention argument, references to pleadings or inadmissible hearsay.

Essentially, it is as if Sartori failed to respond to the motion for summary judgment as he did not properly raise a single genuine issue of material fact for trial.  Notwithstanding this type of

---

[4]The Court provides only a few examples of the "bullet points" in Sartori's response.  However, all of his "bullet points" suffer from the same legal infirmity.

"procedural default," the Court generally does not grant dispositive motions on procedural defaults alone.  Instead, the Court examines the merits of the motion to determine if SCLA is entitled to judgment as a matter of law.  *See* Estate of Anderson v. Denny's Inc., --- F.R.D. ----, 2013 WL 690809, at *11 (D.N.M. Feb. 7, 2013) (court must consider merits of the motion even if there is a failure to respond).

## Analysis

A.  Fair Debt Collections Practices Act ("FDCPA") claims

The FDCPA prohibits the use of "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a).  "The FDCPA also establishes specific duties and prohibitions governing debt collectors' communication with the debtor, §§ 1692c, 1692g, 1692j."  Johnson v. Riddle, 305 F.3d 1107, 1117 n. 8 (10th Cir. 2002).  The FDCPA was enacted, in part, to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e).

Sartori claims both Defendants violated the FDCPA, although his specific alleged violations are not entirely clear.[5] [Doc. 29, Count I.] Sartori alleges that SCLA meets certain definitions of the FDCPA in that it is a debt collector that was in the business of collecting a debt from Plaintiff and it engaged in the use of the mail and telephone to attempt to collect a debt from him. [Doc. 29.] SCLA admits that it is a debt collector as defined by the FDCPA, but states it is immaterial to the issues before the Court. [Doc. 139, at 3.]

Sartori asserts that SCLA contacted him on September 16, 2009, in an attempt to collect an alleged debt on behalf of BAC.  According to Sartori, he contacted SCLA by telephone and informed someone at SCLA that the alleged debt was disputed and requested written validation.

---

[5]Because this is SCLA's motion, the Court does not examine allegations against BAC.

Sartori alleges that SCLA failed to validate the debt in violation of 15 U.S.C. § 1692g. [*See* Doc. 29, at ¶ 17; Doc. 116, at 5.]

Based on no further contact from either Defendant, Sartori assumed the matter was dropped. However, he then discovered in about November 2010, that both Defendants were "in his credit report." Sartori claims to have sent "dispute letters" to both Defendants and to the credit reporting agencies, but his claims are unsupported by evidence in the record. [Doc. 29, at ¶ 18.]

### 1.   *Validation of Debt*

As best as the Court can determine, Sartori's claim under the FDCPA is that SCLA violated the requirements of § 1692g regarding validation of disputed debts. Section 1692g of the FDCPA requires a debt collector to provide the consumer, within five days after initial communication with a consumer, with written notice of a debt, including the amount of the debt, the name of the creditor to whom the debt is owed, and additional statements. 15 U.S.C. § 1692g(a).

It is uncontested that on July 29, 2009, SCLA filled a Complaint for Foreclosure against Plaintiff, on behalf of BAC. Plaintiff was served with a Summons and the Complaint on September 16, 2009. [UMF No. 2.] Sartori came forward with no evidence that SCLA communicated with him in any form before filing the Complaint or having the Summons and Complaint served on him.

SCLA argues that its actions in filing the Complaint did not trigger the requirements of § 1692g(a) regarding written notification or validation of debts, because the statute specifically excludes treating the filing of complaints in a civil action as an "initial communication" for purposes of § 1692g(a). Indeed, § 1692g(d) states: "A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (s) [of the FDCPA]." 15 U.S.C. § 1692g(d). *See, e.g.*, Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 130 S.Ct. 1605, 1624 n.22 (2010) (noting that most recent of eight amendments

to the FDCPA specified that a pleading in a civil action is not an "initial communication" triggering obligations under § 1692g; <u>Lane v. Fein, Such and Crane, LLP</u>, 767 F. Supp. 2d 382, 387 (E.D.N.Y. 2011) (finding 12(b)(6) dismissal of § 1692g(a) claim appropriate because "[s]ubsection 1692g(d) explicitly provides that legal pleadings are not "initial communications").

Sartori argues that SCLA's position is a "misrepresentation fo the laws and facts." [Doc. 128, at 10.] He contends that the written notification requirement was triggered in February 2009, when Sartori sent a written validation demand to BAC. [<u>Id.</u>] Sartori provided no support for his contention; in other words, he failed to cite to a letter or written demand he sent to SCLA, and relies only on his unsupported argument or assertions.  Moreover, even if Sartori demonstrated with evidence that he sent a written validation demand to <u>BAC</u>, that is immaterial as to whether the notice requirements were triggered for SCLA.  Thus, the Court concludes that Sartori failed to come forward with evidence of a disputed material fact with respect to SCLA's alleged violations of  § 1692g(a).

### 2.    *Written Notice of Disputed Debt*

Sartori also appears to argue that even if the notice provision of the FDCPA was not triggered by SCLA's actions in filing a lawsuit, he satisfied § 1692g(b) provisions by notifying SCLA of a disputed debt and requesting certain information be provided to him in accordance with that section.  However, § 1692g(b) requires that the consumer (Sartori) notify the debt collector (SCLA) "in writing" within a thirty-day period of the dispute and request for information.  *See* <u>Smith v. Argent Mortgage Co., LLC</u>, 331 F. App'x 549, 558 (10th Cir. 2009) (unpublished) (the debtor collector's duty is only triggered if the creditor disputes the debt "in writing."); *but see* <u>Hudspeth v. Capital Mgmt. Svcs., LP</u>, 2013 WL 674019, at *7-8 (D. Colo. Feb. 25, 2013) (unpublished).  The Court finds the Tenth Circuit's decision in <u>Smith</u> to be persuasive and will

follow it.  Thus, written notice of a disputed debt must be made.

Contrary to the explicit statutory requirement, Sartori claims that he was not required to make a written request to SCLA for validation of a disputed debt under the FDCPA, and that the telephone call with SCLA on September 16, 2009, was sufficient to trigger notice requirements. [Doc. 128, at 12.] The undisputed material facts show that Sartori did not notify SCLA in writing during the 2009-2010 foreclosure proceeding that he disputed the debt as required by § 1692g(b). [UMF No. 4.]  Even if Sartori properly supported his allegations concerning his verbal request for validation, it is undisputed that he failed to comply with the requirements of § 1692g(b).  Thus, the Court concludes that Sartori failed to come forward with evidence of a disputed material fact with respect to SCLA's alleged violations of  § 1692g(b).

### 3.   *Statute of Limitations*

Next, SCLA contends that even if the Court determined that Sartori could dispute a debt by a telephone call, it is to no avail because Sartori's cause of action is barred by an applicable statute of limitations. [Doc. 116, at 6-7.]  It is undisputed that Sartori was served with a Complaint for Foreclosure on September 16, 2009. [UMF No. 2; Doc. 116, Ex. 6.] It is further undisputed that there was no collection activity against Sartori following the sale of the property on January 5, 2010. [UMF No. 3.]

Pursuant to § 1692k(d), any action under the FDCPA must be brought "within one year from the date on which the violation occurs."   Thus, Sartori would have been on notice of the lawsuit to foreclose on his defaulted note as early as September 16, 2009, when it is uncontested he was served with the Summons and Complaint for Foreclosure.  Even if September 16, 2009 is not used as the initial date for the alleged violation, it is undisputed that Sartori's property was sold in January 2010, and that there was no further involvement by SCLA in collecting the debt after the sale. It is also

11

undisputed that Sartori did not file his initial complaint until August 10, 2011. [UMF No. 7.]

Sartori contends that he did not know Defendants continued their collection activity until he "discovered defendants in his credit report on November 19, 2010," and that he filed his complaint less than nine months later. [Doc. 128, at 13.] He further takes the position that because of his unsupported suspicion of fraud, the statute of limitations should be extended to five years. [Id.]

Sartori's claim that he was not on notice of the foreclosure action as of September 16, 2009, and of property sale on January 5, 2010, is unsupported by the record. Moreover, Sartori's suspicion of fraud was not included as an actual claim in his Amended Complaint. [Doc. 29.] Sartori's argument that he did not discover alleged violations of the FDCPA, as to SCLA, is without merit. A party having been put on notice of a pending lawsuit may not sit idly by and feign ignorance of the ongoing legal activity. Because the lawsuit, alleging violations of the FDCPA, was filed beyond the one-year statute, those claims are time barred.

Sartori failed to raise a genuine issue of material fact with respect to any claims raised under the FDCPA or that such claims were timely filed. Therefore, the Court recommends that summary judgment be granted in favor of SCLA as to all alleged violations of 15 U.S.C. § 1692 *et seq.* and that such claims be dismissed, with prejudice.

B.  Fair Credit Reporting Act ("FCRA") claims

Congress enacted the FCRA, in part, to protect consumer privacy by limiting the furnishing of consumer credit reports to certain statutorily enumerated purposes. *See* TRW Inc. v. Andrews, 534 U.S. 19, 23 (2001). "The purpose of FCRA is to ensure accuracy and fairness in credit reporting and to require that such reporting is confidential, accurate, relevant, and proper." Matthiesen v. Banc One Mortg. Corp., 173 F.3d 1242, 1245 (10th Cir. 1999) (*citing* 15 U.S.C. § 1681). The FCRA provides, in part, that consumer reporting agencies may furnish a consumer report under specific

circumstances and for specific purposes.  15 U.S.C. § 1681b.

Sartori alleges that SCLA violated the FCRA and that he is entitled to an award of monetary damages. [Doc. 29, Count II.]  More specifically, Sartori claims that SCLA "pulled" his credit report "with no permissible purpose as defined in §1681b. [Id., ¶ 25.] Sartori lists 15 U.S.C. §§ 1681b(a) (listing circumstances when consumer reporting agency can furnish a consumer report), 1681b(f) (providing that a person cannot use or obtain a consumer report unless the report is obtained with authorization), 1681q (setting out fine for any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses), and 1681m (setting out requirements on users of consumer reports and notice required for taking adverse actions on basis on such information). [Doc. 29, ¶ 19.] However, he makes no specific allegations of violations under those provisions except as discussed below.

## 1.   _Permissible Purposes to Obtain Credit Report_

It is undisputed that SCLA obtained Sartori's credit report for the purposes of obtaining Sartori's current address to effect service of the Complaint for Foreclosure. [UMF No. 1.] Thus, the only question is whether accessing a consumer's credit report in order to provide notice of a civil lawsuit is a "permissible purpose" under the FCRA.

The FCRA allow a consumer reporting agency to furnish a consumer report to a person it has reason to believe "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer;" or "otherwise has a legitimate business need for the information – to review an account to determine whether the consumer continues to meet the terms of the account."  15 U.S.C. §§ 1681b(a)(3)(A) and 1681b(a)(3)(F)(ii). In <u>Korotki v. Attorney Svc. Corp.</u>, 931 F. Supp. 1269, 1278 (D. Md. 1996), _judgment aff'd_, 131 F.3d

135 (4th Cir. 1997), the court concluded that supplying a credit report to a law firm so that the law firm could obtain an address to serve a developer met the requirements of the FCRA's definition of a "permissible purpose."  In Korotki, a law firm was retained to collect money from a developer, and the attorney, much like SCLA, accessed a credit report of the consumer "in order to obtain an alternate address" at which to serve the developer.  The Korotki court concluded that the FCRA was not violated, even though "the defendants may not have needed the credit information included in that report, but only an additional address at which to serv[e] [plaintiff]."  Id.

So, too here.  The Court concludes that SCLA had a permissible purpose under 15 U.S.C. §§ 1681b(a)(3)(A) and (a)(3)(F), as it was using address information in the credit report to obtain current location information to serve Sartori with the foreclosure proceedings.  *See also* Pinson v. Monarch Recovery Mgt., Inc., 2013 WL 961308, at *2 (S.D. Fla. Mar. 12, 2013) (unpublished) (citing case holding the debt collection agency had a permissible purpose for obtaining the creditor's credit report when it had the goal of obtaining the debtor's current address); Stonehart v. Rosenthal, 2001 WL 910771, *4 n. 12 (S.D.N.Y. Aug. 13, 2001) (unpublished) (noting that "FCRA does not require a user who has a permissible purpose to refrain from obtaining a credit report when there are alternative sources for the required [address] information."); Edge v. Prof'l Claims Bureau, Inc., 64 F. Supp. 2d 115, 118 (E.D.N.Y. 1999) (defendant entitled to summary judgment on FCRA claim because obtaining consumer report for purposes of determining current address was a permissible purpose under the Act), *judgment aff'd,* 234 F.3d 1261 (2nd Cir. 2000).  Thus, the Court concludes that Sartori failed to come forward with evidence of a disputed material fact with respect to SCLA's permissible purposes for obtaining his credit report in violation of the FCRA.

     2.      ***Obligation to Correct or Validate Disputed Information to Credit Reporting Agencies***

Sartori next contends that SCLA failed to update/report and "failed to correct or validate disputed information to the credit reporting agencies Equifax, Experian, and TransUnion every month . . . subsequent to Plaintiff's dispute to the credit reporting agencies," in violation of the FCRA, 15 U.S.C. § 1681s-2(b).  [Amended Complaint, Count III, ¶ 27; "Count XXX-LVII-FCRA, ¶ 29].[6]

Title 15 U.S.C. § 1681s-2(b) imposes certain duties on a "furnisher of information" upon notice of a dispute.  For example, the statutory provision states that after receiving notice of a dispute regarding the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person must conduct an investigation with respect to the disputed information and report the results of the investigation to the consumer reporting agency.

This provision, however, does not apply to SCLA, as the undisputed evidence shows that SCLA never "furnished" or reported information to any credit reporting agency, including, but not limited to, Equifax, Experian and TransUnion.  [UMF No. 5].  Because it is uncontested that SCLA never furnished or reported information to credit reporting agencies, there is no obligation that SCLA "update" or "correct" certain information to the credit reporting agencies in accordance with requirements of § 1681s-2.  Sartori did not challenge this fact by any admissible evidence.  Thus, the Court concludes that Sartori failed to come forward with evidence of a disputed material fact with respect to SCLA's alleged duties to update, validate, or correct information purportedly furnished to credit reporting agencies.  Accordingly, the Court recommends that summary judgment

---

[6]The Court considers these two claims to be elements of one claim; in both paragraphs, Sartori attempts to allege violations of § 1681s-2(b).

be granted in favor of SCLA as to all alleged violations of the FCRA, 15 U.S.C. § 1681 *et seq.,* and

that all such claims be dismissed, with prejudice.

      C.    <u>Telephone Consumer Protect Act ("TCPA") claim</u>

      The TCPA makes it unlawful for any person "to make any call (other than a call made for

emergency purposes or made with the prior express consent of the called party) using any automatic

telephone dialing system or an artificial prerecorded voice ... to any telephone number assigned to

a ... cellular telephone service...." 47 U.S.C. § 227(b)(1)(A)(iii). In <u>Makowski v. First Nat. of</u>

<u>Nebraska, Inc.</u>, 2013 WL 754922, at *7 (D. Colo. Feb. 6, 2013) (unpublished), the federal district

court further explained:

> The federal statute provides a private right of action to persons who
> have incurred monetary damages as a result of violations of the
> TCPA, and such actions may be brought in either state for federal
> court. <u>Mims v. Arrow Fin. Servs., LLC</u>, ——U.S. ——, 132 S.Ct. 740,
> 753 (2012). "Thus, to establish a prima facie case under §
> 227(b)(1)(A), a plaintiff must show that: (1) a call was placed to a
> cell or wireless phone; (2) by the use of any automatic dialing system
> and/or leaving an artificial or prerecorded message, and (3) without
> prior consent of the recipient." <u>Harris v. World Fin. Network Nat'l</u>
> <u>Bank</u>, 867 F.Supp.2d 888, 892 (E.D. Mich.2012) (citation and
> internal quotations omitted).

<u>Id.</u>, *report and recommendation adopted,* 2013 WL 754779 (D. Colo. Feb 27, 2013).

      Sartori contends that SCLA violated the TCPA by contacting him "weekly from April 2009

to July 2009 via his cellular telephone by autodialed call using artificial and prerecorded messages,"

in violation of 47 U.S.C. § 227(b)(1)(A)(iii). [Doc. 29, "Count LVIII-LXII-TCPA," ¶ 31.] However,

it is undisputed that SCLA never contacted Sartori on his cellular telephone and did not attempt to

contact him through "autodialed call using artificial prerecorded messages." [UMF No. 6.] Again,

Sartori failed to rebut these facts by any evidence.

      The Court concludes that Sartori failed to come forward with evidence of a disputed material

fact with respect to SCLA's alleged violations of the TCPA.  Accordingly, the Court recommends that summary judgment be granted in favor of SCLA as to all alleged violations of the TCPA, 15 U.S.C. § 1681 *et seq.,* and that all such claims be dismissed, with prejudice.

### <u>Recommendation</u>

The undersigned Magistrate Judge concludes that Defendant SCLA made a *prima facie* showing of entitlement to judgment under Rule 56 and that Sartori failed to come forward with any admissible evidence to rebut the showing.  SCLA is entitled to judgment as a matter of law due to Sartori's procedural default.  Moreover, on the merits of its summary judgment motion, SCLA demonstrated an entitlement to judgment.  Therefore, the Court recommends that summary judgment be granted in favor of SCLA, that SCLA be dismissed from this lawsuit, and that Sartori's Amended Complaint and all claims against SCLA be dismissed, with prejudice.[7]

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate

---

[7]If the Court's recommendation is adopted and SCLA is dismissed from this litigation, the case proceeds against Defendant BAC Home Loans Servicing, LP.