IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT F. SARTORI,

      Plaintiff,

 vs.                                         CIVIL NO.  12-515 JB/LFG

SUSAN C. LITTLE & ASSOCIATES, P.A.,
and BAC HOME LOANS SERVICING, LP,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION TO EXTEND DISCOVERY

THIS MATTER is before the Court on *pro se* Plaintiff Robert F. Sartori's ("Sartori") "Motion to Extend Discovery by 60 Days" [Doc. 153], filed on the last day of discovery, April 1, 2013. As a motion of this nature is directed to the Court's sound discretion, no response is necessary. For the reasons stated herein, the motion is denied.

Sartori does not explain why he delayed in initiating discovery and acknowledges that when he ultimately began his discovery process, he mis-addressed discovery requests, and, therefore, lost some time. [Doc. 153, at 2-3.] He asks that the Court overlook his own errors because he is a *pro se* and inexperienced litigant. However, a *pro se* litigant is held to the same standards that apply to any licensed attorney. "Pro se parties [are required to] follow the same rules of procedure that govern other litigants." Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

This case was assigned to a liberal 150-day discovery schedule. [Doc. 78.] Discovery is now closed. Instead of focusing on obtaining permissible and relevant discovery, Sartori pursued a great deal of unnecessary motion practice, by filing multiple motions to amend [Docs. 17, 24, 27, 82], motions to strike [Docs. 15, 31, 36, 61, 62, 63, 111], and other pleadings [Docs. 56 ("Affidavit of

Competency"), 57 (Motion for No-Answer Default Judgment), 93 (Objections and Response), 94 (Objections), 101 (reply to amended answer), 102 (Motion for Judicial Notice of Admissions), 106 (Motion to Disqualify Opposing Counsel), 131 (Affidavit in Rebuttal), 143-144, 150 (judicial notices), 148-149 (Opposition and Objections)]. As evidenced by the Court's rulings, most of these motions or pleadings were not necessary or lacked merit. [*See, e.g.,* Docs. 113 (Order denying multiple motions to strike), 114 (Order denying motion to strike), 137 (Order denying motion to disqualify), 138 (Order denying motion for judicial notice of admissions), 142 (Order denying Sartori's motion to compel)].

Sartori significantly increased the costs of litigation by filing unfounded pleadings and motion practice. While doing so, he neglected to engage in discovery. For example, he complained that Defendant BAC failed to produce any documents in response to requests for production, but did not explain why he did not agree to the requested protective order so that documents would have been produced. [*See* Doc. 121.]

At a minimum, Sartori must demonstrate good cause for the requested extension. More likely, since he waited until the very day discovery closed before filing his motion, he must show excusable neglect along with good cause for his request. *See* Fed. R. Civ. P. 16(b)(4) (schedule may be modified only for good cause and with the judge's consent); Fed. R. Civ. P. 6(b)(1) (when act must be done within a specified time, the court may, for good cause extend the time, if a request was made before the original deadline; if made after the expiration of time, the party must demonstrate it failed to act because of excusable neglect).

A showing of good cause is not always demanding, especially when the request for extension is made before the expiration of a deadline. *See* Stark-Romero v. Nat'l R.R. Passenger Co. (AMTRAK), 275 F.R.D. 544, 547 (D.N.M. 2011) (discussing cases). However, in light of the

present circumstances, the Court concludes that Sartori failed to demonstrate good cause for his essentially late request to extend discovery by an additional 60 days. Similar to the Court in Bolden v. City of Topeka, Kan., 441 F.3d 1129, 1149 (10th Cir. 2006), the undersigned Magistrate Judge finds that Sartori failed to "exercise[ ] even a modicum of diligence" regarding discovery. Moreover, Sartori did not cite any persuasive facts or law in support of demonstrating good cause for an extension of the discovery deadline.

Moreover, if Sartori is required to show excusable neglect to justify his request, he failed as to that ground as well. "[A] finding of excusable neglect under Rule 6(b)[ (1)(B) ] requires both a demonstration of good faith by the part[y] seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period." In re Four Seasons Sec. Laws Litig., 493 F.2d 1288, 1290 (10th Cir. 1974). "[I]t is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b)." Quigley v. Rosenthal, 427 F.3d 1232, 1238 (10th Cir. 2005). Thus, Sartori's errors or mistakes in delaying to engage in discovery neither demonstrate good cause nor excusable neglect for purposes of granting an extension. Sartori did not show any reasonable basis for not meeting the deadline.

In addition, Sartori attempts to excuse his discovery failures by accusing BAC of failing to comply with initial disclosure requirements under Rule 26, specifically claiming that BAC named no witnesses except for Sartori and members of Defendant's law firm. [Doc. 153, at 3.] However, a review of the Joint Status Report [Doc. 75] belies the accusation. In the Joint Status Report, BAC identified as witnesses, Robert J. Sartori, Susan Little, Denise Snyder, Deborah Nesbitt, Charlene Curtiss, and unnamed Representatives of BAC who would have information related to BAC's contact

3

with Sartori, the underlying mortgage and foreclosure of the subject real property located in Belen, New Mexico.

BAC also identified its trial exhibits and noted that it might call expert witnesses at the time of trial.[1]  Thus, to the extent Sartori criticizes BAC for not providing initial disclosures, the representations are incorrect.  Additionally, the 2000 amendments to the Federal Rules of Civil Procedure no longer require disclosure of the identities of all individuals who have discoverable information on contested issues of fact as pled with particularity in the pleadings, but only require a narrower disclosure:  the individuals on whose testimony BAC intends to rely.  In other words, BAC may have knowledge of many other individuals who have discoverable information, but unless it intended to present their testimony at the time of trial, they need not be included in BAC's initial disclosures.

Finally, the undersigned Magistrate Judge notes the pending recommendations to deny Sartori's latest motion to amend the Complaint and to grant Defendant Susan C. Little & Associates, P.A.'s motion for summary judgment as to all claims asserted against it.  If the District Court adopts these recommendations, this case will be substantially narrower, thus, minimizing the need for discovery.

IT IS ORDERED that Sartori's Motion to extend Discovery by 60 Days is not well-taken and is therefore DENIED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

---

[1] The deadline for disclosure of BAC's experts was not until February 15, 2013.