IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT F. SARTORI,

        Plaintiff,

vs.                                                    CIVIL NO.  12-515 JB/LFG

SUSAN C. LITTLE & ASSOCIATES, P.A.,
and BAC HOME LOANS SERVICING, LP,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on two motions to compel filed by Defendant on April 11, 2013: "Defendant Bank of America, N.A.'s ("BANA")[1] Motion to Compel Discovery Responses Directed to Plaintiff Robert F. Sartori" ("Sartori") [Doc.158] along with its Declaration and exhibits [Doc. 159]; and "[BANA]'s Motion to Compel Deposition Responses Directed to [Sartori]" [Doc.160].

As to Motion to Compel [Doc. 158], Sartori did not file a response in opposition.[2] On May 13, 2013, BANA filed its Reply and a Notice of Completion of Briefing [Docs. 174, 175].

As to Motion to Compel [Doc. 160], Sartori filed a "Memorandum in Opposition to Defendant BAC Home Loans" on April 29, 2013 [Doc. 167]. BANA filed a Reply and a Notice of Completion on May 13, 2013 [Docs. 172, 173].

---

     [1]BANA identifies itself in motion practice as Defendant Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, L.P., fka Countrywide Home Loans Servicing, L.P. [Doc. 158.]

     [2]In its Notice of Completion of Briefing [Doc. 175], BANA refers to a response purportedly filed April 25, 2013.  However, no response is filed of record, and a thorough review of the Court's docket demonstrates that Sartori did not file a response in opposition.

**Discussion**

I. **Motion to Compel [Doc. 158]**

BANA requests that Sartori respond, without objection, to Interrogatory Nos. 1-2, 4-25 and to the First Set of Requests for Admission Nos. 1-20; and that Sartori produce all the documents sought in the First Set of Requests for Production. BANA also seeks sanctions against Sartori for his failure to fully and adequately respond to BANA's discovery requests.

As noted *supra*, Sartori failed to file a response with the Court in opposition to the Motion. Pursuant to D.N.M.LR-Civ. 7.1(b), the failure to file a response in opposition constitutes consent to grant the motion. Accordingly, the Court determines that Sartori consents to have this motion granted.

Notwithstanding his consent, the Court reviewed the discovery requests and Sartori's objections [Doc. 159, Exhibits E, F, and G], and finds Sartori's objections baseless and legally untenable. For example, in response to all but one of his 63 discovery responses, Sartori objects, stating, "Assume facts not in evidence, not agreed to, and require a legal conclusion." This is not a legally cognizable objection to discovery requests and serves only to obstruct the discovery process, delay proceedings and heap costs and fees on BANA. A fact does not have to be "in evidence" to obtain discovery, nor does the fact have to be agreed upon to be a fact. Moreover, even if a legal conclusion is involved, contention interrogatories authorize a party to state its legal conclusions. Fed. R. Civ. P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . . ."). All of Sartori's objections lack merit.

As another example of his obstructive conduct, Sartori uses a knee-jerk response that the discovery requests are "not reasonably calculated to lead to admissible evidence" and are "not relevant to Plaintiff's allegations." These type of objections have been condemned. *See* Mancia v. Mayflower Textile Servs. Co., 253 F.R.D. 354, 358 (D. Md. 2008) ("boilerplate objections that a request for discovery is 'overboard and unduly burdensome, and not reasonably calculated to lead to the discovery of material admissible in evidence,' . . . , persist despite a litany of decisions from courts, including this one, that such objections are improper unless based on particularized facts.") (citations omitted).

In addition, the fact that Sartori does not believe the information or document sought is relevant does not sustain a refusal to answer. Generally, relevancy is not grounds to object to a discovery request. *See, e.g.,* BHC Dev. LC v. Bally Gaming, Inc., 2013 WL 1933880, at *2 (D. Kan. May 9, 2013) (unpublished) (at discovery stage of litigation, relevancy is broadly construed and courts should consider requests for discovery relevant "if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party" or "to the subject matter of the action.") (citation omitted). Here, the requested discovery appears relevant, and Sartori did not satisfy his burden of showing that the discovery does not fall within the broad scope of relevance set out in Rule 26(b)(1) or "is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *See* id. (citations omitted).

Similarly, in response to various Interrogatories, Sartori objected on the basis of "the doctrine of equitable estoppel." The fact that a party may assert an affirmative defense does not preclude an opposing party from learning the evidence relevant to claims and defenses. Sartori's objections are without merit.

Suffice to say that the Court reviewed the entirety of the Interrogatories, Requests for Admission and Requests for Production, together with Sartori's objections. The Court overrules all of Sartori's objections and finds that the objections were submitted in bad faith and with the intent to delay BANA's lawful discovery. The Court directs that Sartori answer the Interrogatories, without objection; either admit or deny the Requests for Admission; and produce, without objection, all documents sought in the Requests for Production.

The Court gives Sartori ten (10) days, after entry of this Order, to fully comply. Failure to fully answer the Interrogatories, respond to the Requests for Admission, and produce the documents can result in the imposition of sanctions, including dismissal of his case with prejudice. Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992).

**II.     Motion to Compel Deposition Responses [Doc. 160]**

In its motion to compel deposition responses, BANA asks the Court to order Sartori to fully and truthfully answer questions to which he gave evasive answers at his March 29, 2013 deposition. BANA contends that "Sartori improperly objected to questions, evaded and stonewalled questions relating to the underlying mortgage documents presented in this case, and disingenuously indicated that he could not recall even the most basic information related to the instant matter." [Doc. 160, at 2.] BANA asks that the Court treat Sartori's responses or lack thereof as a failure to answer.

The Court reviewed the pleadings, the attached deposition transcript, and pertinent law. It concludes that Sartori's conduct during his deposition similarly evidences an intent to obstruct discovery and increase defense costs.

Discovery in federal court is intended to be broad and liberal. *See* Fed. R. Civ. P. 26(b)(1) (generally, discovery is allowed of any matter that is relevant to the claim or defense of any party that is not privileged). A party may discovery any matter that is relevant to a claim, issue, or

defense that is pleaded in a case, regardless of which party raises the claim, issue, or defense. Advisory Committee Note to the 2000 Amendment to Rule 26(b)(1). Parties are entitled to learn, to the fullest practical extent, the evidence that supports or refutes claims and defenses. *See* United States v. Procter & Gamble Co., 356 U.S. 677, 682-83 (1958) (discovery requests along with "pretrial procedures make a trial less a game of blind man's b[l]uff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent") (citation omitted).

Moreover, the rules applicable to depositions are clear. Discovery is taken subject to objection. Fed. R. Civ. P. 30(c)(2) (objections are noted on the record but the deposition proceeds). In other words, a defending party may state an objection, id., but must answer the question. The objection stated is presented for Court ruling if the deposition is used at trial. Thus, Sartori could state a proper objection, but was then required to answer. This, he did not do.

Circuit law makes clear that there are only three instances when an attorney may properly instruct a deponent not to answer: (1) when the question asked calls for disclosure of privileged information; (2) when the question asked exceeds the scope of discovery previously set by the Court; and (3) if the defending attorney wishes to terminate the deposition and immediately seek a Fed. R. Civ. P. 26(c) protective order from the Court. Resolution Trust Corp. v. Dabney, 73 F.3d 262, 266 (10th Cir. 1995) (adopting the reasoning of American Hangar, Inc. v. Basic Line, Inc., 105 F.R.D. 173 (D. Mass. 1985)).

Here, a review of the questions and objections shows that BANA was not seeking to invade any cognizable privilege; no prior Court order limited the scope of discovery; and no motion for protective order was filed. If it is improper for a defending attorney to instruct a deponent not to answer except in those three limited circumstances, it follows that a deponent cannot himself object and refuse to answer unless one of the three exceptions was present.

Sartori's refusal to answer violated his obligation to submit to discovery, and his baseless objections interfered with BANA's right to discovery. His obstructionist conduct is without justification.

IT IS ORDERED that BANA's Motion to Compel [Doc. 158] is granted and Sartori is instructed to fully respond to the requested discovery within ten days. BANA's Motion to Compel [Doc. 160] is likewise granted. BANA may reschedule Sartori's deposition.

IT IS FURTHER ORDERED that an attorney fee award of $2,000 in favor of Defendant BANA and against Sartori is imposed. Sartori is required to pay Defendant $2,000 in attorney fees, within fifteen (15) days after entry of this Order. He also must file a certificate of compliance with the Clerk of Court after payment of the attorney fee award.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge