IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT F. SARTORI,

        Plaintiff,

vs.                                                   No. CIV 12-0515 JB/LFG

SUSAN C. LITTLE & ASSOCIATES, P.A.,
and BAC HOME LOANS SERVICING, LP,

        Defendants.

**MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT IS DENIED**

**THIS MATTER** comes before the Court on the Plaintiff's Opposition and Objections to Report and Recommendation to Deny Plaintiff's Motion for Leave to Amend Complaint, filed April 15, 2013 (Doc. 161)("Objections"). The Honorable Lorenzo F. Garcia, United States Magistrate Judge, issued a Report and Recommendation, filed March 26, 2013 (Doc. 152)("R&R"), proposing to deny the Plaintiff's Motion for Leave to Amend Complaint, filed November 5, 2012 (Doc. 82)("Motion"). The Court conducted a de novo review of those parts of the R&R to which Plaintiff Robert F. Sartori objects. See Fed. R. Civ. P. 72(b)(3). In resolving the objections, the Court considered all pertinent pleadings with exhibits. There is no need for a hearing.

Sartori makes one objection that has merit. The remaining objections, see Objections ¶¶ 12-20, at 3-6, consist of Sartori's attempt to re-argue the grounds set out in his motion for permission to amend. Judge Garcia carefully considered and rejected all those same arguments in his Report and Recommendation. The Court, also, reviewed each of Sartori's objections,

which provide no grounds to reject or modify Judge Garcia's recommendation to deny Sartori's request for leave to again amend the complaint.

The one objection the Court discusses in more detail is Sartori's contention that Judge Garcia erred in stating Sartori did not file a reply in support of the motion for amendment. In Judge Garcia's R&R, he mistakenly noted that Sartori did not file a reply and that the deadline for doing so expired. See R&R at 2. Sartori states that he filed a reply on December 3, 2012. See Objection ¶ 11, at 2.

Sartori is correct, in part. On December 10, 2012, rather than December 3, 2012, Sartori filed a pleading entitled, "Plaintiff's Objections and Response to Bank of America's Opposition to Plaintiff's Motion for Leave to Amend Complaint."[1] Doc. 93 ("Reply"). It appears that Magistrate Judge Garcia inadvertently failed to recognize Sartori filed a reply in support of his motion, most likely because of Sartori's mistaken nomenclature. The District's local rules contemplate the filing of a motion, response, and reply. See, e.g., D.N.M.LR-7.3(a) (discussing motion, response and reply); D.N.M.LR-Civ 7.4(a) (discussing deadlines for filing a motion, response, and reply); D.N.M.LR-Civ. 7.5 (discussing page limits of motion, brief, response, and reply). The Rules of Civil Procedure do not authorize filing objections to a response or a response to a response, even though a party may object to argument in a response.

In filing his Reply, Sartori violated a number of this District's local rules. First, the title of a document "must clearly identify its substance." D.N.M.LR 10.2. Sartori's identification of the filing is confusing and does not alert the Court that he intended to file a reply. Second, because Sartori was the movant, he was required to file a notice certifying that the motion was

---

[1] An examination of the "opposition and objections" reveals that Sartori signed this filing on December 3, 2012, but did not mail it until December 10, 2012. Reply at 15. It was filed on the Court's docket on December 10. See Reply at 1.

ready for decision and identifying the motion and all related filing and docket number. See D.N.M.LR 7.4(e). Had he done so, he would have properly alerted the Court that briefing was complete and that his objections were actually a reply.

Most importantly, Sartori's Reply is late. On November 19, 2012, Defendant BAC Home Loans Servicing, LP ("BAC") filed a response to Sartori's motion. See Bank of America's Opposition to Plaintiff's Motion for Leave to Amend Complaint, filed November 19, 2012 (Doc. 89)("Response"). Thus, Sartori's reply was due no later than December 6, 2012, but not filed until December 10, 2012. See D.N.M.LR-Civ. 7.4(a) (stating that a reply must be served and filed within 14 calendar days after service of the response). The Court could disregard Sartori's Reply because of his violations of the local rules; however, because Sartori proceeds pro se, the Court will review the reply. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (stating that pro se pleadings are to be "liberally construed").

The Court acknowledges that Judge Garcia's R&R should have included a review of Sartori's reply. It is understandable, however, that Judge Garcia did not notice Sartori filed a reply based on Sartori's failures to identify the filing as a reply and to alert the Court of completion of briefing.

While Judge Garcia's R&R contains an error, this error does not provide grounds to reject or modify Judge Garcia's proposal. The Court, in conducting a de novo review of those portions of Judge Garcia's R&R to which Sartori objected, examined all of the underlying pleadings, including the Reply, in reference to Sartori's Motion.

Like Sartori's later-filed objections to the R&R, his Reply does nothing more than re-argues the same position he already set forth in his initial motion. For example, Sartori repeatedly argues that the record "fails to show evidence" of certain allegations and arguments

that the BAC made. Objections ¶ 12, at 3. Sartori never produces, however, evidence to contradict BAC's argument and evidence or evidence that supports any position Sartori asserts.

Several pages of Sartori's Reply discuss standards to be applied to pro se pleadings.[2] See Reply at 3-5. The Court applied the proper standard in reviewing Sartori's Motion and Objections. Sartori's Reply raised no new arguments that convince the Court that it must modify or reject Judge Garcia's R&R.

**IT IS ORDERED** that: (i) the Report and Recommendation, filed March 26, 2013 (Doc. 152) is adopted to the extent that it is consistent with the Court's analysis herein; (ii) the Plaintiff's Opposition and Objections to Report and Recommendation to Deny Plaintiff's Motion for Leave to Amend Complaint, filed April 15, 2013 (Doc. 161), are overruled; and (iii) the Plaintiff's Motion for Leave to Amend Complaint, filed November 5, 2012 (Doc. 82), is denied.

_____
UNITED STATES DISTRICT COURT

*Parties and Counsel*

Robert F. Sartori
McIntosh, New Mexico

    *Plaintiff pro se*

Daniel W. Lewis
Christopher P. Winters
Allen, Shepherd, Lewis, Syra & Chapman, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant Susan C. Little & Associates, PA*

---

[2] Sartori also engages in a discussion of portions of the Uniform Commercial Code, but there are no claims that BAC violated the Uniform Commercial Code, either in the Amended Complaint, filed December 2, 2011 (Doc. 29), the Motion, or the proposed Plaintiff's Third Amended Complaint, attached to the Motion at page 3.

- 5 -

George D. Hembree, III
John T. Rouse
McGlinchey Stafford
Jackson, Mississippi

-- and --

Jason C. Bousliman
Lewis and Roca, LLP
Albuquerque, New Mexico

*Attorneys for Defendant BAC Home Loans Servicing, LP*