**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ROBERT F. SARTORI,

        Plaintiff,

vs.                                       No. CIV 12-0515 JB/LFG

SUSAN C. LITTLE & ASSOCIATES, P.A.,
and BAC HOME LOANS SERVICING, LP,

        Defendants.

**MEMORANDUM OPINION AND ORDER OVERRULING PLAINTIFF'S
OBJECTIONS
TO MAGISTRATE JUDGE'S ORDERS
AND DENYING PLAINTIFF'S PETITION FOR RECONSIDERATION**

**THIS MATTER** comes before the Court on: (i) the Plaintiff's Opposition and

Objections to Memorandum Order and Opinion, filed July 5, 2013 (Doc. 186)("Objections to

Discovery Order"); (ii) the Petition for Re-Consideration, filed July 5, 2013 (Doc.

187)("Petition"); and (iii) the Plaintiff's Opposition and Objections to Magistrate's "Order on

Plaintiff's Failure to Comply With Court Order," filed July 19, 2013 (Doc. 189)("Objections to

Discovery Sanctions").  The primary issues are: (i) whether the Honorable Lorenzo F. Garcia,

United States Magistrate Judge's discovery orders and award of sanctions against Plaintiff

Robert F. Sartori are clearly erroneous or contrary to law; and (ii) whether the Court has a sound

basis in the law or facts to grant any relief Sartori requests in the Petition.  The Court overrules

the objections and denies the Petition.

**PROCEDURAL BACKGROUND**

      In this matter Sartori, a pro se litigant, seeks damages from Defendant BAC Home Loans

Servicing, LP, for BAC Home Loans' allegedly abusive debt-collection practices.  Sartori has

failed to properly respond to BAC Home Loans' discovery requests, and has failed to comply with discovery orders.  Judge Garcia's orders regarding Sartori's discovery violations are the subject of Sartori's objections.

1.    The Discovery Order.

In Sartori's July 5, 2013 Objections to Discovery Order, he contends that Judge Garcia's Memorandum Opinion and Order, filed June 12, 2013 (Doc. 179)("Discovery Order"), in which Judge Garcia granted the Defendant Bank of America, N.A.'s Motion to Compel Discovery Responses Directed to Plaintiff Robert F. Sartori, filed April 11, 2013 (Doc. 158)("Motion to Compel Discovery"), and the Defendant Bank of America, N.A.'s Motion to Compel Deposition Responses Directed to Plaintiff Robert F. Sartori, filed April 11, 2013 (Doc. 160)("Motion to Compel Deposition").  Judge Garcia required Sartori to provide discovery responses and answers, warned that failure to do so could result in the imposition of sanctions, permitted a re-deposition of Sartori, and also directed Sartori to pay an award of attorney fees BAC Home Loans in the amount of $2,000.00.  See Discovery Order at 6.

2.    Judge Garcia's Order on Sartori's Failure to Comply.

Judge Garcia set a deadline for Sartori to pay the sum of $2,000.00 in attorney's fees to defense counsel.  Once Sartori paid the sanction, the Discovery Order directed him to file a certificate of compliance with the Court.  On June 28, 2013, BAC Home Loans filed a notice that Sartori did not pay the sanction.  See Notice of Plaintiff's Failure to Abide by Court's June 12, 2013 Order (Failure to Provide Supplemental Discovery Responses and Failure to pay Attorney fee Award), filed June 28, 2013 (Doc. 183).  On July 3, 2013, Magistrate Judge Garcia entered an order regarding Sartori's failure to pay the sanction, along with Partial Judgment on the

sanction.  See Order on Plaintiff's Failure to Comply With Court Order, filed July 3, 2013 (Doc. 184)("Sanction Order").

      3.    <u>Sartori's Petition for Reconsideration</u>.

      It is not clear what relief Sartori seeks in his Petition, although again, he challenges Judge Garcia's authority to issue rulings in this case.  Sartori raised this same issue in three separate pleadings.  This form is an example of how Sartori misuses the system, increases costs of litigation, delays the proceeding, and requires unnecessary time and attention of the Court.

**LAW REGARDING OBJECTIONS TO MAGISTRATE JUDGES' DISCOVERY ORDERS**

      Rule 72(a) of the Federal Rules of Civil Procedure permits a party to file objections to a magistrate judge's non-dispositive order within fourteen days after being served with the order. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  <u>See</u> <u>Hutchinson v. Pfeil</u>, 105 F.3d 562, 566 (10th Cir.), <u>cert. denied</u>, 522 U.S. 914 (1997).  To overturn the magistrate judge's decision as clearly erroneous under rule 72(a), the district court must have "a definite and firm conviction that a mistake has been committed."  <u>Ocelot Oil Corp.</u> <u>v. Sparrow Indus.</u>, 847 F.2d 1458, 1464 (10th Cir. 1988)(internal quotation omitted).[1]  A district court is required to "defer to the magistrate judge's ruling unless it is clearly erroneous or contrary to law."  <u>Hutchinson v. Pfeil</u>, 105 F.3d at 566.

      Under the "contrary to law" standard, the district court conducts a plenary review of the magistrate judge's legal determinations, setting aside the magistrate judge's order if it applied an

---

[1] The United States Court of Appeals for the Seventh Circuit has stated that, to be clearly erroneous, "a decision must strike [the court] as more than just maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish."  <u>Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.</u>, 866 F.2d 228, 233 (7th Cir. 1988).  The Court does not believe that this standard uses appropriate language, and will not use or follow the standard.

incorrect legal standard.  Charles Alan Wright, Arthur R. Miller, Mary K. Kane, Richard L. Marcus, & Adam N. Steinman, Fed. Practice & Procedure Civ. § 3069, at 350 (2013). "In sum, it is extremely difficult to justify alteration of the magistrate judge's non-dispositive actions by the district judge."  Wright et al., supra, § 3069, at 350-51.  On the other hand, just "as the district judge should defer to the magistrate judge's decision . . . he or she should not be hamstrung by the clearly erroneous standard.  At i[t]s broadest, it is limited to factual findings."  Wright et al., supra, § 3069, at 355.

<u>ANALYSIS</u>

Sartori's objections and the Petition demonstrate that he misapprehends the law governing this matter.  Judge Garcia is within his statutory authority to issue orders on non-dispositive pretrial matters, including discovery matters, and, therefore, Sartori has not raised a sound legal argument for the Court to vacate the Order of Reference to Judge Garcia or to overrule his orders.  Additionally, it is not apparent what relief Sartori seeks in the Petition, although he objects to Judge Garcia's authority to rule on this matter.  In so far as Sartori argues the merits of his case as a basis for the Court to overrule Judge Garcia's order regarding Sartori's discovery abuses, an argument based in the merits does not excuse Sartori's failure to properly participate in discovery.  It is not clear that Sartori's July 5, 2013, objections to the Discovery Order were timely.  The Court, nonetheless, reviewed all of Sartori's objections.  The Court will overrule Sartori's objections and deny the Petition.

I.    **THE COURT OVERRULES ANY OBJECTIONS TO THE ASSIGNMENT OF THE CASE TO JUDGE GARCIA.**

Sartori first objects on grounds that he did not consent to proceed before a Magistrate Judge.  His objection lacks merit.  Under this District's local rules, "for every civil case, . . . a Magistrate Judge <u>will be</u> assigned as pre-trial Magistrate Judge . . . to preside over all non-

dispositive pre-trial matters in accordance with Fed. R. Civ. P. 72(a)."  D.N.M.LR-Civ 73.1(a) (emphasis added).  The rule does not contemplate or permit a party to consent or refuse consent to the assignment of a magistrate judge to oversee non-dispositive pre-trial matters.  Thus, the Court properly assigned this case to Judge Garcia as the pre-trial Magistrate Judge.

The Court overrules Sartori's objections as the pertinent rules neither require nor contemplate a party's consent to the assignment of a pre-trial magistrate judge.  To the extent that Sartori also objects to the Order of Reference Relating to Bankruptcy Appeals Social Security Appeals, Prisoner Cases, Non Prisoner Pro Se Cases and Immigration Habeas Corpus Proceedings, filed March 6, 2013 (Doc. 136)("Order of Reference"), that the District Judge entered in this case, referring this case to Judge Garcia to perform any legal analysis required and to submit recommendations on the ultimate disposition of this case.  The Order of Reference complies with the provisions of 28 U.S.C. § 636(b)(1)(B), b(3), and Virginia Beach Savings and Loan Ass'n v. Wood, 901 F.2d 849 (10th Cir. 2000).  The Court finds no grounds to support Sartori's objections and overrules them.

## II.  THE COURT WILL OVERRULE SARTORI'S OBJECTIONS TO THE DISCOVERY ORDER.

Sartori objects to Judge Garcia's finding that Sartori failed to file a response to BAC Home Loans' Motion to Compel, although Judge Garcia acknowledged that BAC Home Loans apparently received a copy of Sartori's response.  Sartori posits that it "is unlikely that BANA would credit [him] with a response that he failed to serve."  Objections to Discovery Order ¶ 4, at 2.  Sartori speculates that, if there is no response filed in the case docket, it is because of a mailing error by Sartori or a clerical error by the Court.  See Objections to Discovery Order at 2.  Either or both scenarios may be true, but Sartori never submitted a copy of the response for filing, even after learning the response was not of record.

- 5 -

Notwithstanding Sartori's failure to follow up and file the response, Judge Garcia reviewed the underlying discovery at issue along with responses and objections. <u>See</u> Discovery Order at 2. In other words, Judge Garcia did not grant the motion to compel based on Sartori's failure to file a response. He reviewed the disputed discovery and objections before deciding the motion. Thus, to the extent that Sartori objects to Judge Garcia's finding that he did not file a response, the Court overrules the objection.

Sartori's remaining objections take issue with Judge Garcia's determination that many of Sartori's objections to discovery requests were baseless and legally untenable. Judge Garcia set out examples of improper objections, <u>e.g.</u>, : (i) "'[a]sumes facts not in evidence, not agreed to, and require a legal conclusion,'" Discovery Order at 2; (ii) "'not reasonably calculated to lead to admissible evidence,'" Discovery Order at 3; (iii) "'not relevant to Plaintiff's allegations,'" Discovery Order at 3; and (iv) objectionable based on "'the doctrine of equitable estoppel,'" Discovery Order at 3. Judge Garcia thoroughly and properly explained why Sartori's objections lacked a sound basis in the law and facts. <u>See</u> Discovery Order at 2-3.

Sartori argues the merits of the case as to why his objections were proper. <u>See</u> Objections to Discovery Order at 2. Such argument does not demonstrate that any part of Judge Garcia's Discovery Order was clearly erroneous or contrary to law. The Court overrules the objections. <u>See</u> Objections to Discovery Order ¶¶ 5, 8, at 2, 3.

Sartori also inaccurately summarizes Judge Garcia's Discovery Order when Sartori asserts that the "Order erroneously instructs Plaintiff to 'respond, without objection . . . .'" Objections to Discovery Order ¶ 7, at 3. Judge Garcia was summarizing BAC Home Loans' argument and stated that "BANA requested that Sartori respond, without objection." Discovery Order at 2. The Court overrules the objection.

Sartori argues that Judge Garcia's Order "erroneously fails to note that [he] did fully answer Interrogatories 1, 6, 7, 9, 10, and 12." Discovery Order ¶ 9, at 3. Sartori frequently set out a list of improper objections before providing a line or two of answers to these interrogatories. Judge Garcia's ruling that the objections were improper and without merit is not clearly erroneous or contrary to law. To the extent that Sartori may not have fully responded to those interrogatories, in light of the improper objections, Judge Garcia was correct in requiring full, responsive answers. If, however, Sartori wished to supplement his answers to these interrogatories by stating he had no further supporting information or evidence to support his claims, he was free to do so.

Judge Garcia ultimately found that Sartori submitted a number of answers and objections in bad faith and with the intent to delay proper discovery. Sartori objects based on his pro se status and asserts that he "modeled his responses after those he received from BANA." Objections to Discovery Order ¶ 10, at 3-4. The Court does not know fully what Sartori means by stating he "modeled his responses" on those of the opposing party. In any case, even though proceeding pro se, Sartori still must comply with the rules applicable to other litigants.

> [A]lthough we make some allowances for the pro se plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.

Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005)(alterations, quotations, and citations omitted). Based on Judge Garcia's review of the discovery requests, answers, and objections, the Court concludes that Judge Garcia's findings and Discovery Order were neither clearly erroneous nor contrary to law.

**III.    THE COURT OVERRULES SARTORI'S OBJECTIONS TO THE SANCTIONS.**

Sartori next objects to the Judge Garcia's award of sanctions.  See Objections to Discovery Order at 4-5.  In so doing, Sartori relies on the wrong rules of civil procedure as justification for the discovery sanction: rule 11 and 28 U.S.C. § 1927.  Judge Garcia, however, did not award sanctions based on rule 11 or § 1927.

"Discovery is a nondispositive matter, and magistrate judges have the authority to order discovery sanctions."  Hutchinson v. Pfeil, 105 F.3d at 566 (citing 28 U.S.C. § 636(b)(1)(A); Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d at 1462).  See LaFleur v. Teen Help, 342 F.3d 1145, 1152 (10th Cir. 2003)(noting magistrate judge previously imposed monetary sanction for discovery infraction); Grimes v. City and County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991)(magistrate judge authorized to impose monetary award as a discovery sanction where party obstructed discovery process and caused unnecessary delay and expense).  The Court finds that Judge Garcia's decision to sanction Sartori in the sum of $2,000.00 in attorney fees, for discovery abuses and for delaying the discovery process, was neither clearly erroneous nor contrary to law.  The Court overrules the objections.

**IV.    THE COURT OVERRULES SARTORI'S OBJECTIONS TO JUDGE GARCIA'S ORDER THAT BAC HOME LOANS MAY RETAKE SARTORI'S DEPOSITION.**

Sartori next objects to Judge Garcia's ruling allowing BAC Home Loans to retake his deposition based on the finding that Sartori's evasive answers at the March 29, 2013 deposition evidenced an intent to obstruct discovery and increase defense costs.  Sartori contends he believed his objections were relevant and appropriate.  See Objections to Discovery Order ¶ 16, at 6.  He states he did not "sit mute or refuse to answer any question."  Objections to Discovery Order ¶ 16, at 6.  The question is not whether Sartori "sat mute" in his deposition, but whether he fully answered the questions.  His deposition is riddled with evasive answers and non-answers.

The Court concludes that Judge Garcia's ruling was neither clearly erroneous nor contrary to law. The Court overrules Sartori's objection.

## V.   THE COURT OVERRULES SARTORI'S OBJECTIONS TO THE SANCTIONS ORDER.

Sartori objects to Judge Garcia's Sanctions Order. Again, he refers to a rule that Judge Garcia did not rely on as authority for the sanction award. See Objections to Sanctions Order at 2-3 (citing Fed. R. Civ. P. 26(g)). Ultimately, in the objections, Sartori again turns to arguing the merits of his case and also argues that nothing in the referral order provides authority for a magistrate judge to issue orders, "dispositive or otherwise." Objections to Sanctions Order at 8. Sartori's merits arguments do not demonstrate that Judge Garcia's Order was clearly erroneous or contrary to law.

In addition, Sartori is mistaken as to the role of a magistrate judge in civil litigation. Judge Garcia is authorized to issue orders on non-dispositive matters, and to make findings and recommendations as to the ultimate resolution of this case. See 28 U.S.C. § 636(b)(1)(A). Sartori also objects based on his pro se status and the Magistrate Judge's "demonstrated lack of impartiality." Objections to Sanctions Order at 10.

None of Sartori's objections justify reversal or modification of Judge Garcia's Order requiring Sartori to pay a sanction award and Judge Garcia's entry of Partial Judgment on the Sanctions. The Sanctions Order is neither clearly erroneous nor contrary to law. The Court overrules the objections.

## V.   THE COURT DENIES THE PETITION.

Sartori does not understand why a magistrate judge has authority to issue rulings on non-dispositive matters, although this District's local rules provide for the use of magistrate judges to "preside over all non-dispositive pre-trial matters . . . ." D.N.M.LR-Civ. 73.1(a). Similarly, rule

72(a) contemplates that a magistrate judge will determine non-dispositive matters.  <u>See</u> Fed. R. Civ. P. 72(a).  Section 636(b)(1)(A) of title 28 of the United States Code allows the District Judge assigned to preside over a civil case to "designate a magistrate judge to hear and determine any pretrial matter pending before the court."

Further, the Court is authorized to refer case dispositive matters to a magistrate judge. <u>See</u> Order of Reference.  The Court entered an Order of Reference, and Judge Garcia abided by the Order of Reference by performing legal analysis and issuing recommendations as to the ultimate disposition of this matter.  <u>See</u> Fed. R. Civ. P. 72(b).

Sartori is correct that § 636(b) does not authorize a magistrate judge to enter final judgment.  The District Judge will enter final judgment.  Judge Garcia entered Partial Judgment limited to the sanction award so that it could be collected.  Discovery is a nondispositive matter, and "magistrate judges have the authority to order discovery sanctions."  <u>Hutchinson v. Pfeil</u>, 105 F.3d at 566.  Judge Garcia's action was permissible.

Sartori's continuing reference to provisions that require consent of parties for a magistrate judge to conduct the trial have no application here.  Sartori states he received a request from the Court "to waive his right to be heard by the court and accept the intervention of a magistrate [judge]."  Petition at 5.  He further notes that he refused to sign the document.

Sartori was within his right to refuse consent to have a magistrate judge preside over this litigation.  A magistrate judge still is authorized, as explained above, to rule on non-dispositive matters, including discovery and pretrial issues.  Most civil cases proceed in this way, with a District Judge assigned as the presiding judge and a Magistrate Judge assigned as the pretrial, discovery judge.

That the District Judge later entered an Order of Reference, referring this matter for recommendations by the Magistrate Judge, is appropriate and permissible.  Sartori's objections to "any ORDER issued by the magistrate [judge]" is without merit.

To the extent that Sartori's Petition seeks relief, the Court denies it.  The Court thoroughly explained why a magistrate judge has authority to issue orders and recommendations.

The Court does not have "a definite and firm conviction that a mistake has been committed" by Judge Garcia in either of the Orders to which Sartori objects.  Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d at 1464.  There are no sound grounds to reverse or modify Judge Garcia's Orders.

**IT IS ORDERED** that: (i) the Plaintiff's Opposition and Objections to Memorandum Order and Opinion, filed July 5, 2013 (Doc. 186), are overruled; (ii) the Petition for Re-Consideration, filed July 5, 2013 (Doc. 187), is denied; and (iii) the Plaintiff's Opposition and Objections to Magistrate's "Order on Plaintiff's Failure to Comply With Court Order," filed July 19, 2013 (Doc. 189), is overruled.

_____
UNITED STATES DISTRICT COURT

*Parties and Counsel:*

Robert F. Sartori
McIntosh, New Mexico

     *Plaintiff pro se*

Daniel W. Lewis
Christopher P. Winters
Allen, Shepherd, Lewis, Syra & Chapman, P.A.
Albuquerque, New Mexico

     *Attorneys for Defendant Susan C. Little & Associates, PA*

George D. Hembree, III
John T. Rouse
McGlinchey Stafford
Jackson, Mississippi

-- and --

Jason C. Bousliman
Lewis and Roca, LLP
Albuquerque, New Mexico

     *Attorneys for Defendant BAC Home Loans Servicing, LP*