IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT F. SARTORI,

        Plaintiff,

vs.                                                                                    No. CIV 12-0515 JB/LFG

SUSAN C. LITTLE & ASSOCIATES, P.A.,
and BAC HOME LOANS SERVICING, LP,

        Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION THAT
## SUMMARY JUDGMENT BE GRANTED IN FAVOR OF DEFENDANT BANK OF AMERICA, N.A. AND THAT PLAINTIFF'S AMENDED COMPLAINT AGAINST THE DEFENDANT
## BE DENIED AND DISMISSED, WITH PREJUDICE

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Report and Recommendation, filed June 27, 2013 (Doc. 182)("R&R"); and (ii) the Plaintiff's Opposition and Objections to Report and Recommendation to Grant Summary Judgment to Bank of America, N.A., filed July 16, 2013 (Doc. 188)("Objections"). In the R&R, the Honorable Lorenzo F. Garcia, United States Magistrate Judge recommends that the Court grant summary judgment in favor of Defendant Bank of America, N.A., and dismiss Plaintiff Robert F. Sartori's Amended Complaint, filed December 2, 2011 (Doc. 29), and his claims asserted Bank of America, with prejudice.[1] The Court conducted a de novo review of those parts of the R&R to

---

[1] As Defendant Bank of America, N.A.'s Motion for Summary Judgment to Dismiss Amended Complaint, filed May 1, 2013 (Doc. 169)("MSJ") explains, although "BAC Home Loans Servicing, LP" is named as a Defendant in this matter, Bank of America, N.A. merged with BAC Home Loans and is the current servicer on Sartori's loan. MSJ ¶ 4, at 3. Accordingly, the Court will refer to the Defendant as "Bank of America."

Judge Garcia already recommended that Sartori's Amended Complaint and all claims be dismissed against Defendant Susan C. Little & Associates, P.A. On July 30, 2013, the Court overruled Sartori's objections and adopted the Magistrate Judge's Report and Recommendation

which Sartori objects. Fed. R. Civ. P. 72(b)(3). In resolving the objections, the Court considered all pertinent pleadings with exhibits. There is no need for a hearing. The Court will adopt the R&R and overrule Sartori's Objections.

## ANALYSIS

Sartori argues that he had a right to an evidentiary hearing, and that Bank of America failed to provide undisputed material facts in the Defendant Bank of America, N.A.'s Motion for Summary Judgment to Dismiss Amended Complaint, filed May 1, 2013 (Doc. 169)("MSJ"). Sartori was not entitled, as matter of right, to an evidentiary hearing, and Bank of America provided evidence of undisputed material facts which indicate that summary judgment in its favor is warranted. Accordingly, the Court adopts Judge Garcia's R&R.

Sartori's thirty-plus page objections argue that he was entitled to an evidentiary hearing and that Bank of America did not produce evidence in support of its summary judgment motion. See Objections at 2-3. In addition, Sartori summarily asserts that he provided "much to support

---

proposing to dismiss all claims against Little & Associates, and the Court overruled Sartori's objections and adopted Judge Garcia's Report and Recommendation that Sartori's request to further amend his complaint be denied. See Memorandum Opinion and Order Adopting Magistrate Judge's Report and Recommendation That Plaintiff's Motion for Leave to File Amended Complaint is Denied, filed July 30, 2013 (Doc. 194); Memorandum Opinion and Order Adopting Report and Recommendation That Summary Judgment be Granted in Favor of Defendant Little & Associates, and That Plaintiff's Amended Complaint Against Little & Associates be Denied and Dismissed, With Prejudice, filed July 30, 2013 (Doc. 195). Thus, the present Memorandum Opinion and Order and corresponding judgment resolve this matter, with the result that Sartori's Amended Complaint and claims against both Defendants are dismissed, with prejudice. The Court further notes that this Memorandum Opinion and Order closing the case makes moot several of Sartori's filings -- the Application to Clerk for Entry of Default as to BAC Home Loans Servicing, L.P., filed July 19, 2013 (Doc. 190), and the Affidavit of Failure to Plead or Defend as to BAC Home Loans Servicing, L.P., filed July 19, 2013 (Doc. 191) -- to the extent those pleadings sought relief. The Court, therefore, denies or disregards as moot Sartori's Application to Clerk for Entry of Default as to BAC Home Loans Servicing, L.P. and Affidavit of Failure to Plead or Defend as to BAC Home Loans Servicing, L.P. The Court further observes that, contrary to Sartori's assertions in the Application to Clerk for Entry of Default as to BAC Home Loans Servicing, L.P., Bank of America answered the Amended Complaint, see Answer and Affirmative Defenses of Bank of America, N.A., filed December 8, 2011 (Doc. 30).

his claim[s] . . . ." Objections at 4. He further contends that he is not required to produce evidence in support of his allegation that he never had any account with Bank of America, never did business with Bank of America, and never owed any debt to Bank of America. According to Sartori, Bank of America must provide that evidence. See Objections at 4.

The Court disagrees that Sartori is entitled, as a matter of right, to an evidentiary hearing. The Court's Order of Reference Relating to Bankruptcy Appeals Social Security Appeals, Prisoner Cases, Non Prisoner Pro se Cases and Immigration Habeas Corpus Proceedings, filed March 6, 2013 (Doc. 136)("Order of Reference"), provides that Judge Garcia may conduct hearings, "if warranted." Order of Reference at 1. In this case, Judge Garcia performed the required legal analysis and entered extensive findings in his Report and Recommendations, without the need for an evidentiary hearing. This action was not error. The Court overrules Sartori's objection.

Moreover, Sartori makes the same arguments he presented in opposition to Bank of America's summary judgment motion, which Judge Garcia carefully considered and rejected: that he held no account with Bank of America and conducted no business with Bank of America. His denials and summary assertions do not rebut admissible evidence that Bank of America presented with its summary judgment motion. See, e.g., Pasternak v. Lear Petroleum Exploration, Inc., 790 F.2d 828, 834 (10th Cir. 1986)(citation omitted)("Conclusory allegations, general denials, or mere argument of an opposing party's case cannot be utilized to avoid summary judgment."); Skrzypczak v. Roman Catholic Diocese of Tulsa, 611 F.3d 1238, 1244 (10th Cir. 2010)(citation omitted)(conclusory and self-serving affidavits are not sufficient to survive summary judgment), cert. denied., 132 S. Ct. 1088 (2012).

The Court observes that, in its MSJ, BAC Home Loans presented undisputed evidence of its business relationship with Sartori.  On January 24, 2008, Sartori executed a note and mortgage ("loan") on the property at issue with New Day Financial, LLC ("New Day") and Mortgage Electronic Registration Systems, Inc. ("MERS"), as the nominee of New Day and its successors and assigns.  MSJ ¶ 3, at 3.  On or about February 13, 2009, Countrywide Home Loans Servicing, LP ("Countrywide Loans") began servicing Sartori's loan.  MSJ ¶ 4, at 3.  On or about April 27, 2009, Countrywide Loans changed its name to BAC Home Loans Servicing, LP.  See MSJ ¶ 4, at 3.  On July 28, 2009, MERS executed an assignment of mortgage to BAC Home Loans.  See MSJ ¶ 9, at 4.  On or about July 1, 2011, BAC Home Loans merged with and into Bank of America, N.A.  See MSJ ¶ 4, at 3.

Sartori's re-argument does not constitute evidence to dispute these uncontested facts.  Moreover, he is incorrect that he need not submit evidence to support his claims once Bank of America provided undisputed evidence of its role in collecting on the loan.  Rule 56(c) of the Federal Rules of Civil Procedure states that, if a party contends that a fact is genuinely disputed, that party must support such assertions by "citing to particular parts of materials in the record," identifying various forms of admissible evidence.  Fed. R. Civ. P. 56(c)(1)(A).  The Court finds no basis to reject or modify Judge Garcia's findings with respect to Sartori's position that he had no account or business dealings with Bank of America.

In the first pages of his Objections, Sartori raises objection to Judge Garcia's R&R without identifying the specific page number of the R&R.  This form is improper.  Sartori should have cited to the page number or specific portion of the analysis to which he objects so that the Court could more easily review the objections.  Notwithstanding these failings, however, the Court reviewed each objection Sartori raised in reference to the R&R.

For example, Sartori argues that the record does not support Judge Garcia's finding that he refinanced his mortgage. Judge Garcia relied on Sartori's own sworn deposition testimony for that proposition. See R&R at 6. While, admittedly, Sartori was evasive in his deposition and answered many questions as vaguely as possible, his testimony supports finding that he refinanced the property in question. The Court overrules the objection.

Similarly, Sartori objects to Judge Garcia's finding that he defaulted on the terms of the loan. See Objections at 6. Again, Judge Garcia cited Sartori's deposition testimony in support of the finding. See R&R at 6 n.6. The Court overrules the objection.

Sartori also objects to the R&R based on application of the Federal Rules of Evidence. See Objections at 7. Judge Garcia did not refer to the rules of evidence in the R&R. The pertinent rule at issue in resolving a summary judgment motion is rule 56 of the Federal Rules of Civil Procedure. Judge Garcia thoroughly addressed rule 56 standards and the applicable burdens. See R&R at 4. Thus, to the extent Sartori intended to raise objections based on application of the rules of evidence, the Court overrules all such objections.

Pages 8-14 of Sartori's opposition to the R&R set out objections to Bank of America's undisputed material facts. See Objections at 8-14. Judge Garcia found that competent, admissible evidence supported Bank of America' undisputed facts. See R&R at 7. Sartori did not demonstrate otherwise. He merely presents the same arguments that Judge Garcia carefully reviewed and rejected.

Sartori's remaining objections consist of rehashing the same arguments he made in response to the summary judgment motion. See R&R at 8-31. After conducting a de novo review of the pleadings and record, the Court finds no sound justification to reject or modify Judge Garcia's findings and conclusions. The Court overrules the objections.

In conducting this de novo review of each of Sartori's objections, the Court concludes that Sartori provides no sound grounds to warrant rejection or modification of Judge Garcia's findings and conclusions in the R&R. In sum, Sartori's repeated conclusory assertions that the R&R contained "erroneous claims" have no merit. E.g., Objections at 4. In reaching its determination, the Court carefully reviewed Sartori's thirty-one pages of objections along with an attached exhibit, as well as the underlying pleadings and exhibits.

**IT IS ORDERED** that: (i) the Plaintiff's Opposition and Objections to Report and Recommendation to Grant Summary Judgment to Bank of America, N.A., filed July 16, 2013 (Doc. 188), are overruled; (ii) the Magistrate Judge's Report and Recommendation, filed June 27, 2013 (Doc. 182), is adopted; (iii) Defendant Bank of America, N.A.'s Motion for Summary Judgment to Dismiss Amended Complaint, filed May 1, 2013 (Doc. 169), is granted; and (iv) Plaintiff Robert F. Sartori's claims against Defendant BAC Home Loans Servicing, LP in the Amended Complaint, filed December 2, 2011 (Doc. 29), are dismissed with prejudice.

_____
UNITED STATES DISTRICT COURT

*Parties and Counsel*

Robert F. Sartori
McIntosh, New Mexico

    *Plaintiff pro se*

Daniel W. Lewis
Christopher P. Winters
Allen, Shepherd, Lewis, Syra & Chapman, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant Susan C. Little & Associates, PA*

George D. Hembree, III
John T. Rouse
McGlinchey Stafford
Jackson, Mississippi

-- and --

Jason C. Bousliman
Lewis and Roca, LLP
Albuquerque, New Mexico

*Attorneys for Defendant BAC Home Loans Servicing, LP*